UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
                         Plaintiff(s),          **REPORT AND**
                                               **RECOMMENDATION**
         -against-                      CV10-310 (SJF) (WDW)

EAST DELTA RESOURCES CORP., et al.,
                              Defendant(s).
------------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

      Before the court on referral from District Judge Feuerstein is the plaintiff SEC's motion to dismiss the counterclaims of defendant Mayer Amsel. DE[20]. The motion is opposed by Mr. Amsel. For the reasons set forth herein, I recommend that the motion be granted and the counterclaims stricken.

## BACKGROUND

      The complaint herein alleges that the defendants violated the federal securities laws by engaging in illegal activities to inflate the price of East Delta stock. The SEC seeks both equitable and monetary relief. On March 22, 2010, Mayer Amsel filed an answer and counterclaim. DE[7]. The Counterclaim alleges that Stephen Herm, an attorney who was involved in the SEC investigation of the defendants, acted inappropriately in connection with the investigation and enforcement action. Amsel alleges, *inter alia*, that Herm is engaged in a "witch hunt," has made false allegations, and has caused Amsel and the other defendants financial harm. The plaintiff responded with the instant motion.

## DISCUSSION

      The SEC argues that the counterclaims must be dismissed pursuant to Section 21(g) of the Securities Exchange Act of 1934, which provides:

> Notwithstanding the provisions of section 1407(a) Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. §78u(g).

The SEC argues, correctly, that this provision functions as a bar to counterclaims in SEC proceedings. *See SEC v. Pinchas,* 421 F. Supp. 2d 781, 784 (S.D.N.Y. 2006)(dismissing counterclaims pursuant to section 78u(g)); *see also SEC v. Electronics Warehouse, Inc.,* 689 F. Supp. 53, 71-72 (D. Conn. 1988)(section 78u(g) bars counterclaims), *aff'd sub nom*, *SEC v. Calvo,* 891 F.2d 457 (2d Cir. 1989). Here, the SEC seeks equitable relief and has not consented to the counterclaims. Thus, they must be dismissed. Amsel's argument that he needs to plead the counterclaims to support his defense is unavailing. His defenses can be adequately set forth in his answer. If he needs to amend his answer to include allegations that are set forth only in the counterclaim, he can make a motion to do so.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defendant Mayer Amsel by certified mail, return receipt requested, and to electronically file proof of service with the court. Plaintiff's counsel shall also serve a copy on the other pro se defendant, David Amsel, by regular mail. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants*

*Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
June 4, 2010

        /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge