UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EAST DELTA RESOURCES CORP., VICTOR SUN, DAVID AMSEL, AND MAYER AMSEL<br><br>Defendants. | Case No. 10-CV-0310 (SJF/wdw)<br><br>FILED<br>IN CLERK'S OFFICE<br>U S DISTRICT COURT E D N Y<br><br>★ OCT 18 2012 ★<br><br>LONG ISLAND OFFICE |

### [PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS DAVID AMSEL AND MAYER AMSEL

For the reasons stated in this Court's Order on summary judgment which: permanently enjoined defendants from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder; permanently enjoined defendants from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"); permanently enjoined defendant David Amsel from aiding and abetting violations of Section 13(a) and Rules 12b-20, 13a-1 and 13a-13 of the Exchange Act; and enjoined both defendants from participating in the sales of penny stocks (Dkt. 91), and for the reasons in this Court's Order granting a default judgment permanently enjoining defendant David Amsel from violating Section 5 of the Securities Act (Dkt. 94), and for the reasons in this Court's Order following the March 28, 2011 bench trial (Dkt. 103), which orders are incorporated herein:

I.

**IT IS HEREBY ORDERED** that judgment is hereby entered against Defendant DAVID AMSEL and Defendant MAYER AMSEL (collectively "Defendants").

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating

Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any

        means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant David Amsel and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1, 240.13a-13] by knowingly providing substantial assistance to an issuer that files with the Commission any periodic report pursuant to Section 13(a) and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, or which omits to state a material fact necessary in order to make the statement made, in light of the circumstances under which they were made, not misleading, or which fails to

comply in any material respect with the requirements of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant David Amsel is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] for eight (8) years from September 7, 2012.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants are jointly and severally liable for disgorgement of $936,780.46, representing profits gained as a result of the unlawful conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $326,631.17. Defendant David Amsel shall pay a civil penalty in the amount of $715,000.00 and Defendant Mayer Amsel shall

pay a civil penalty in the amount of $455,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants shall satisfy their obligations under this Judgment by paying the above disgorgement, prejudgment interest, and civil penalty amounts within fourteen (14) days after entry of this Judgment, by certified check, bank cashier's check, or United States postal money order payable to the Office of Financial Management, U.S. Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter specifying by name the Defendant or Defendants who are submitting such payment; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. A copy of that cover letter shall be sent to counsel for the Commission in this case, addressed to: Frederick L. Block, United States Securities and Exchange Commission, 100 F. St., NE, Washington, DC 20549. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment, and the terms of its previous Orders enjoining Defendants from violating the federal securities laws, which remain in full force and effect.

Entered this \_\_\_\_15th\_\_\_\_ day of \_\_\_\_October\_\_\_\_, 2012.

                                   s/ Sandra J. Feuerstein

                                   SANDRA J. FEUERSTEIN
                                   UNITED STATES DISTRICT JUDGE

# EXHIBIT 1



# U.S. Securities and Exchange Commission
# Division of Enforcement
# Prejudgment Interest Report

## 2004 East Delta

| Quarter Range | Annual Rate | Period Rate | Quarter Interest | Principal+Interest |
|---|---|---|---|---|
| Violation Amount | | | | $220,609.56 |
| 01/01/2005-03/31/2005 | 5% | 1.23% | $2,719.84 | $223,329.40 |
| 04/01/2005-06/30/2005 | 6% | 1.5% | $3,340.76 | $226,670.16 |
| 07/01/2005-09/30/2005 | 6% | 1.51% | $3,428.00 | $230,098.16 |
| 10/01/2005-12/31/2005 | 7% | 1.76% | $4,059.81 | $234,157.97 |
| 01/01/2006-03/31/2006 | 7% | 1.73% | $4,041.63 | $238,199.60 |
| 04/01/2006-06/30/2006 | 7% | 1.75% | $4,157.07 | $242,356.67 |
| 07/01/2006-09/30/2006 | 8% | 2.02% | $4,886.97 | $247,243.64 |
| 10/01/2006-12/31/2006 | 8% | 2.02% | $4,985.52 | $252,229.16 |
| 01/01/2007-03/31/2007 | 8% | 1.97% | $4,975.48 | $257,204.64 |
| 04/01/2007-06/30/2007 | 8% | 1.99% | $5,130.00 | $262,334.64 |
| 07/01/2007-09/30/2007 | 8% | 2.02% | $5,289.82 | $267,624.46 |
| 10/01/2007-12/31/2007 | 8% | 2.02% | $5,396.48 | $273,020.94 |
| 01/01/2008-03/31/2008 | 7% | 1.74% | $4,751.76 | $277,772.70 |
| 04/01/2008-06/30/2008 | 6% | 1.49% | $4,143.82 | $281,916.52 |
| 07/01/2008-09/30/2008 | 5% | 1.26% | $3,543.21 | $285,459.73 |
| 10/01/2008-12/31/2008 | 6% | 1.51% | $4,305.29 | $289,765.02 |
| 01/01/2009-03/31/2009 | 5% | 1.23% | $3,572.45 | $293,337.47 |
| 04/01/2009-06/30/2009 | 4% | 1% | $2,925.34 | $296,262.81 |
| 07/01/2009-09/30/2009 | 4% | 1.01% | $2,986.98 | $299,249.79 |
| 10/01/2009-12/31/2009 | 4% | 1.01% | $3,017.09 | $302,266.88 |
| 01/01/2010-03/31/2010 | 4% | 0.99% | $2,981.26 | $305,248.14 |
| 04/01/2010-06/30/2010 | 4% | 1% | $3,044.12 | $308,292.26 |
| 07/01/2010-09/30/2010 | 4% | 1.01% | $3,108.26 | $311,400.52 |
| 10/01/2010-12/31/2010 | 4% | 1.01% | $3,139.60 | $314,540.12 |
| 01/01/2011-03/31/2011 | 3% | 0.74% | $2,326.74 | $316,866.86 |
| 04/01/2011-04/30/2011 | 4% | 0.33% | $1,041.75 | $317,908.61 |

| Prejudgment Violation Range | | | Quarter Interest Total | Prejudgment Total |
|---|---|---|---|---|
| 01/01/2005-04/30/2011 | | | $97,299.05 | $317,908.61 |



# U.S. Securities and Exchange Commission
# Division of Enforcement
# Prejudgment Interest Report

**2005 East Delta**

| Quarter Range | Annual Rate | Period Rate | Quarter Interest | Principal+Interest |
|---|---|---|---|---|
| Violation Amount | | | | $368,180.97 |
| 01/01/2006-03/31/2006 | 7% | 1.73% | $6,354.90 | $374,535.87 |
| 04/01/2006-06/30/2006 | 7% | 1.75% | $6,536.42 | $381,072.29 |
| 07/01/2006-09/30/2006 | 8% | 2.02% | $7,684.09 | $388,756.38 |
| 10/01/2006-12/31/2006 | 8% | 2.02% | $7,839.03 | $396,595.41 |
| 01/01/2007-03/31/2007 | 8% | 1.97% | $7,823.25 | $404,418.66 |
| 04/01/2007-06/30/2007 | 8% | 1.99% | $8,066.21 | $412,484.87 |
| 07/01/2007-09/30/2007 | 8% | 2.02% | $8,317.50 | $420,802.37 |
| 10/01/2007-12/31/2007 | 8% | 2.02% | $8,485.22 | $429,287.59 |
| 01/01/2008-03/31/2008 | 7% | 1.74% | $7,471.48 | $436,759.07 |
| 04/01/2008-06/30/2008 | 6% | 1.49% | $6,515.59 | $443,274.66 |
| 07/01/2008-09/30/2008 | 5% | 1.26% | $5,571.21 | $448,845.87 |
| 10/01/2008-12/31/2008 | 6% | 1.51% | $6,769.48 | $455,615.35 |
| 01/01/2009-03/31/2009 | 5% | 1.23% | $5,617.18 | $461,232.53 |
| 04/01/2009-06/30/2009 | 4% | 1% | $4,599.69 | $465,832.22 |
| 07/01/2009-09/30/2009 | 4% | 1.01% | $4,696.61 | $470,528.83 |
| 10/01/2009-12/31/2009 | 4% | 1.01% | $4,743.96 | $475,272.79 |
| 01/01/2010-03/31/2010 | 4% | 0.99% | $4,687.62 | $479,960.41 |
| 04/01/2010-06/30/2010 | 4% | 1% | $4,786.45 | $484,746.86 |
| 07/01/2010-09/30/2010 | 4% | 1.01% | $4,887.31 | $489,634.17 |
| 10/01/2010-12/31/2010 | 4% | 1.01% | $4,936.59 | $494,570.76 |
| 01/01/2011-03/31/2011 | 3% | 0.74% | $3,658.47 | $498,229.23 |
| 04/01/2011-04/30/2011 | 4% | 0.33% | $1,638.01 | $499,867.24 |

| Prejudgment Violation Range | | Quarter Interest Total | Prejudgment Total |
|---|---|---|---|
| 01/01/2006-04/30/2011 | | $131,686.27 | $499,867.24 |



# U.S. Securities and Exchange Commission
# Division of Enforcement
# Prejudgment Interest Report

## 2006 East Delta

| Quarter Range | Annual Rate | Period Rate | Quarter Interest | Principal+Interest |
|---|---|---|---|---|
| Violation Amount | | | | $374,989.93 |
| 01/01/2007-03/31/2007 | 8% | 1.97% | $7,397.06 | $382,386.99 |
| 04/01/2007-06/30/2007 | 8% | 1.99% | $7,626.79 | $390,013.78 |
| 07/01/2007-09/30/2007 | 8% | 2.02% | $7,864.39 | $397,878.17 |
| 10/01/2007-12/31/2007 | 8% | 2.02% | $8,022.97 | $405,901.14 |
| 01/01/2008-03/31/2008 | 7% | 1.74% | $7,064.45 | $412,965.59 |
| 04/01/2008-06/30/2008 | 6% | 1.49% | $6,160.63 | $419,126.22 |
| 07/01/2008-09/30/2008 | 5% | 1.26% | $5,267.71 | $424,393.93 |
| 10/01/2008-12/31/2008 | 6% | 1.51% | $6,400.70 | $430,794.63 |
| 01/01/2009-03/31/2009 | 5% | 1.23% | $5,311.17 | $436,105.80 |
| 04/01/2009-06/30/2009 | 4% | 1% | $4,349.11 | $440,454.91 |
| 07/01/2009-09/30/2009 | 4% | 1.01% | $4,440.75 | $444,895.66 |
| 10/01/2009-12/31/2009 | 4% | 1.01% | $4,485.52 | $449,381.18 |
| 01/01/2010-03/31/2010 | 4% | 0.99% | $4,432.25 | $453,813.43 |
| 04/01/2010-06/30/2010 | 4% | 1% | $4,525.70 | $458,339.13 |
| 07/01/2010-09/30/2010 | 4% | 1.01% | $4,621.06 | $462,960.19 |
| 10/01/2010-12/31/2010 | 4% | 1.01% | $4,667.65 | $467,627.84 |
| 01/01/2011-03/31/2011 | 3% | 0.74% | $3,459.16 | $471,087.00 |
| 04/01/2011-04/30/2011 | 4% | 0.33% | $1,548.78 | $472,635.78 |

| Prejudgment Violation Range | | | Quarter Interest Total | Prejudgment Total |
|---|---|---|---|---|
| 01/01/2007-04/30/2011 | | | $97,645.85 | $472,635.78 |